[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 2, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-15692

_____

D.C. Docket No. 97-00508-CR-WBH-1

UNITED STATES OF AMERICA,

Plaintiff–Appellant,

versus

MICHAEL DEVEGTER,
RICHARD POIRIER, JR.,

Defendants–Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 2, 2008)**

Before CARNES, BARKETT, Circuit Judges, and COHN,[*] District Judge.

_____

[*] The Honorable James I. Cohn, United States District Judge for the Southern District of
Florida, sitting by designation.

PER CURIAM:

Michael deVegter and Richard Poirier, Jr. were convicted of wire fraud and conspiracy to defraud Fulton County, Georgia in violation of 18 U.S.C. §§ 371, 1343, and 1346. The government now appeals for the third time the sentences imposed on deVegter and Poirier.[1] The government argues that the district court erred in imposing a custodial sentence of thirteen months on deVegter and of seven months on Poirier given that the Guidelines range for their offenses is forty-one to fifty-one months. Specifically, the government argues that the reassessment of the defendants' Guidelines range, as well as the downward variances, violated the "law-of-the-case doctrine" and the "mandate rule," and, furthermore, resulted in unreasonably low sentences.

With respect to the law-of-the-case doctrine and the mandate rule, the government contends that the district court ignored our previous holding in this case when it decided, after an evidentiary hearing, that certain bonus payments of Lazard Freres & Co. were direct costs to be subtracted from the net improper benefit used in sentencing the defendants under § 2B4.1 of the Guidelines. U.S.S.G. § 2B4.1(b)(1) (2000). Previously, we adopted the Fifth Circuit's approach to calculating the net improper benefit, "which subtracts direct costs, but

---

[1]We considered the government's previous two appeals in United States v. Poirier, 321 F.3d 1024 (11th Cir. 2003), and United States v. deVegter, 439 F.3d 1299 (11th Cir. 2006).

not indirect costs, from profits to determine the net improper benefit." United States v. deVegter, 439 F.3d 1299, 1304 (11th Cir. 2006). We defined "direct costs" as "all variable costs that can be specifically identified as costs of performing a contract." Id. (quoting United States v. Landers, 68 F.3d 882, 884 n.2 (5th Cir. 1995)) (internal quotation marks omitted). As relevant to the defendants, we distinguished commissions from year-end bonuses, which "usually depend on employee performance on multiple deals throughout the year and cannot be readily apportioned to a particular bond deal." Id. at 1305.

On remand for resentencing, the district court held an evidentiary hearing to consider the application of the newly adopted definition of "direct costs" in our opinion. Specifically, the court considered whether the payments at issue were specifically identifiable costs attributable to a particular transaction or whether they were year-end bonuses not so easily attributable. It determined, on the basis of evidence not considered by us in the previous appeal, that the bonuses were variable costs, specifically identifiable to the relevant transaction. We disagree with the government's contention that our previous holding forecloses this result because such a reading would determine as a matter of law that year-end bonuses are never direct costs, irrespective of the definition of "direct costs." This misreads the opinion, placing formalistic reliance on the payment's label, and ignores the

3

definition of "direct costs" that we adopted. We further find no error in the district court's conclusion, on the basis of the evidentiary hearing, that the variable bonuses paid were direct costs. Furthermore, any error in the Guidelines range calculation would be harmless because of the district court's clear statement that it would sentence the defendants in the same manner even if the government's position were correct. See United States v. Keene, 470 F.3d 1347, 1349 (11th Cir. 2006) (Carnes, J.).

Furthermore, that the district court varied downward where we would not depart downward does not significantly concern us. A downward departure implicates the appropriate calculation of the Guidelines range, while a downward variance implicates consideration of the factors set forth in 18 U.S.C. § 3553(a). See United States v. Amedeo, 487 F.3d 823, 829–30 (11th Cir. 2007) (finding no violation of the mandate rule where the district court varied upward on the basis of factors rejected by a prior panel in the same case as a basis for an upward departure). Our ultimate review of the downward variances is for reasonableness.[2] See United States v. Williams, 435 F.3d 1350, 1353–55 (11th Cir. 2006).

In its final challenge to the district court's sentences, the government urges that we find the defendants' sentences unreasonably low given the nature of the

---

[2] We note that the sentence before us on this appeal is the only post-Booker sentence to be reviewed by this Court.

4

crimes. Whether we agree or not with the district court's rationale for the downward variances or its characterization of the crimes, we cannot say that the sentences ultimately imposed in consideration of the factors delineated in 18 U.S.C. § 3553(a) were unreasonable. Thus, having found no reversible error, the sentences imposed are

**AFFIRMED**.

CARNES, Circuit Judge, dissenting:

The sentences that the district court imposed on these two defendants should be vacated, because in calculating the guidelines ranges the court violated the law of the case doctrine. See United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005) ("[A]fter Booker, '[t]he district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing,'" which, "at a minimum, obliges the district court to calculate correctly the sentencing range prescribed by the Guidelines." (citation omitted)). The district court's statement that it would have reached the same result after considering the 18 U.S.C. § 3553(a) factors cannot save these sentences, because the court's § 3553(a) consideration was itself marred by different errors. See United States v. Clay, 483 F.3d 739, 745 (11th Cir. 2007) ("[A] sentence can be unreasonable, regardless of length, if it was substantially affected by the consideration of impermissible factors." (citation omitted)). An erroneous secondary ruling cannot render error in a primary ruling harmless.

In calculating the defendants' offense levels under the advisory guidelines, the district court subtracted the bonus money Poirier's bond firm paid out to its partners from the total "improper benefit conferred" on the firm as a result of deVegter's help in securing the underwriting contract. Doing that decreased the

6

defendants' offense levels by 2, and lowered their guideline ranges of 41–51 months down to 33–41 months imprisonment. See U.S.S.G. §§ 2B4.1(a) & (b)(1); 2F1.1(b); ch. 5, pt. A.

In lowering the guidelines ranges for that reason the district court violated the law of the case doctrine and our mandate. We held as part of the last deVegter appeal that "[t]he inherent difficulty of apportioning a year-end bonus to a specific transaction takes it outside the realm of direct costs that should be subtracted from profits in determining the net improper benefit." United States v. deVegter, 439 F.3d 1299, 1305 (11th Cir. 2006). We instructed the district court on remand to recalculate the "net improper benefit" used to determine the offense levels without considering the bonuses, "because bonuses were not direct costs that needed to be subtracted in estimating this amount." Id. at 1308. The district court went ahead and subtracted the bonuses anyway.

The majority contends that the evidentiary hearing on remand established that the bonus money was directly attributable to the improper benefit conferred on the bond company and therefore could be subtracted as a direct cost of doing business. We did not, however, instruct the district court to hold an evidentiary hearing on whether our decision was correct or not. Our decision did not permit the district court to take evidence on the issue. We told the district court not to

7

consider the bonuses. Period.

The majority also believes that even if the district court erred in subtracting the bonus money in order to calculate the net improper benefit to determine the guidelines ranges, the error was harmless because the district court stated that it would have reached the same sentences based on its consideration of the § 3553(a) factors. I am all in favor of the harmless error approach permitted in United States v. Keene, 470 F.3d 1347 (11th Cir. 2006), for the reasons I pointed out in that decision and in my concurring opinion in United States v. Williams, 431 F.3d 767 (11th Cir. 2005). The Keene rule, however, presupposes that the alternative basis for the sentence based on the § 3553(a) factors will itself be free from error. Two layers of error is not equal to none. Here the district court's consideration of the § 3553(a) factors and conclusion about the sentence it would impose based on them were themselves marred by error—two of them.

First, the district court based its decision that, even if its guidelines calculation were wrong, the defendants would be entitled to a downward variance to the same offense level of 41 to 51 months on a finding that deVegter "promised nothing in return" to Poirier for the bribe. The defendants made exactly the same argument in the appeal from their convictions, arguing that the evidence of the bribe was insufficient to convict them because there was no quid pro quo. United

States v. Poirier, 321 F.3d 1024, 1032 (11th Cir. 2003). We expressly rejected that argument, holding that "[t]he evidence . . . demonstrated that Poirier authorized the illicit payment to deVegter in exchange for deVegter's assistance." Id. at 1033. The assistance deVegter rendered stemmed from the fact that he "had access to confidential documents, had a duty to protect them, and improperly disclosed them to Poirier and others." Id.

The district court's § 3553(a) finding that deVegter "promised nothing in return" for the cash is flatly inconsistent with our law of the case finding that Poirier gave deVegter the cash "in exchange for deVegter's improper assistance" in securing the underwriting contract. That violation of the law of the case is one way the district court's § 3553(a) reasoning was tainted by error.

The other way involves the district court's finding that the defendants had "always conducted [themselves] honorably and worked for the best interests of [their] clients." In United States v. Martin, 255 F.3d 1227 (11th Cir. 2006), the district court made the same point in using its authority under 18 U.S.C. § 3553(a) to vary the defendant's sentence downward to seven days imprisonment. Id. at 1239. The district court in that case said that the extraordinary § 3553(a) variance was warranted in part because the defendant's "fraudulent conduct [w]as an 'aberration' in his otherwise outstanding life." Id. We reversed, holding that it

was unreasonable to consider the defendant's otherwise outstanding life at the § 3553(a) sentencing stage because the defendant's "criminal history category of I already takes into account his lack of a criminal record" and good behavior. Id. Likewise, the fact that deVegter and Poirier's criminal conduct was an aberration in otherwise honorable service to their clients was already accounted for when the district court calculated their advisory guidelines ranges using a criminal history category of I. As we said in Martin, this otherwise outstanding life should not be counted again at the § 3553(a) stage. To do so was error.

Because the district court's fallback reasoning for the sentences it imposed is as erroneous as its primary reasoning, this case does not qualify for a Keene harmless error affirmance. I would vacate the sentences and have the district court recalculate them once again, this time free of any error.